No. 57061.—F. L. Kraemer & Co. *v*. United States, petitions 6921–R and 6922–R (New York).

EKWALL, Judge: These are petitions filed under the provisions of section 489 of the Tariff Act of 1930 for remission of additional duties accruing by reason of undervaluation on entry of certain onyx slabs imported from Mexico. At the trial, the two petitions were consolidated.

The evidence offered in support of the petitions consists of the oral testimony of Mr. Morris Fine, who described himself as the organizer of the Atlas Export Co., the ultimate consignee, and Mr. Frederick L. Kraemer, a customs broker, in whose firm's name the petition was brought.

Mr. Fine testified that he had had experience in buying and selling onyx slabs; that he made a trip to Mexico in order to ascertain whether the merchandise available there was the type sought by him. In the course of this visit, he called upon manufacturers of onyx and brought back samples to this country. He showed said samples to Mr. Kraemer of the petitioning firm, who, he had been informed, was experienced in this type of importation. Mr. Kraemer, after advising him as to the rate of duty applicable, suggested that he take the matter up with the Government officials. He followed this advice, showed his samples to a certain Government official at the appraiser's building, and requested information from him as to the rate applicable to this type of merchandise. Upon the basis of the information received, which agreed with that supplied by Mr. Kraemer, and in order to establish the price "in competition to the American market," this rate of duty was used, plus the cost of labor and material in Mexico. As we understand the testimony of the witness, this information was used in arriving at the prices which must be charged in order to meet competition in this country. It can have little, if any, bearing upon the valuation arrived at for entry purposes, which petitioner deemed to be export value, as defined in section 402 (d) of the Tariff Act of 1930.

Mr. Fine further testified that at the time of his visit to Mexico, the manufacturers of this class of merchandise made offers of sale at prices the same as those shown on the invoices here involved. Later on, to wit, about 2 months prior to the exportation of the instant merchandise, Mr. Fine made another trip to Mexico and was present at the offices of the manufacturer of this merchandise when offers of sale were made. These were written offers and were made to other concerns doing business in the United States. Reference was made in the course of this testimony to certain exhibits introduced in reappraisement cases covering this merchandise, but the record in said cases was not offered in evidence herein. All of the above-mentioned offers, the witness stated, were at the same prices as the invoice prices herein.

From the testimony of this witness, it further appeared that an investigation of the value of the merchandise here involved was made by a Government agent with whom the witness cooperated and to whom he turned over the documents containing the offers of sale. The witness further testified that subsequent to the above events, he removed his office from New York City to Long Island but failed to notify his customs broker of his changed address for the reason that he thought the matter involved had been settled. He stated that in making entry at values less than those found on final appraisement he had no intention of defrauding the revenue of the United States and did not conceal or misrepresent any of the facts or attempt to deceive the appraiser as to the value of the merchandise.

Mr. Frederick L. Kraemer testified that he had been a customs broker for 55 years; that he met Mr. Fine for the first time when the latter came to his office after having been recommended by one of Mr. Kraemer's clients. He discussed the value of this merchandise with Mr. Fine, who told him about offers from other manufacturers in Mexico and about offers from this same manufacturer to other prospective buyers. Mr. Fine assured him that the value "that he would put on that invoice would be * * * the market value for export." Mr. Kraemer testified that he requested information as to value from the United States appraiser but that said official reported that he had no information. The petitioner was unable to find any other importers of these articles in New York from whom he could ascertain the value of such merchandise. He consulted statistics in the customhouse, only to find that these importations were about all that were recorded with the exception of some for "personal stuff." This witness also

testified as to the proper *rate* of duty for these articles. The relevancy of such testimony is not apparent to the court.

Mr. Kraemer also testified that some time after importation, to wit, in 1948, he was informed that the. entered values were incorrect. At that time, he endeavored to get in touch with Mr. Fine in order to amend one entry but was unable to do so for some time because of the fact that the building in which Mr. Fine's office had been located had been razed and no address had been left. When he finally was able to locate Mr. Fine, he was told that said Fine considered the values correct and would adhere to those valuations. Mr. Kraemer than appealed for a reappraisement, stating that neither the appraiser nor anyone else knew the correct value because there were no other importations. This witness stated that in making entry as he did he had no intention to defraud the revenue or to deceive the appraiser or to conceal or misrepresent the facts of the case.

No further testimony was adduced. The attorney for the Government made the following statement:

Before resting, in behalf of the Government I should like the record to show that the Government made an investigation of this case and the testimony which we heard this afternoon is in substantial accord with our own findings. I therefore ask no questions and the Government rests.

Upon this record, we find that the petitioner acted in good faith and that there was no intention of defrauding the Government or deceiving its officials. The petitions are therefore granted.